NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| LUIS PINA, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | Civil Action No. 05-1703 (HAA) |
| –v.– | ) | |
| | ) | **OPINION & ORDER** |
| JONATHAN C. MINER, Warden, Federal | ) | |
| Correctional Institution, Fairton, New Jersey, | ) | |
| | ) | |
| Respondent. | ) | |

Luis Pina
Prisoner No. 24925-050
FCI Fairton Camp
P.O. Box 420
Fairton, New Jersey 08320
*Pro se*

Louis H. Bizzarri, Esq.
Assistant United States Attorney
Camden Federal Building and U.S. Courthouse
401 Market Street, Fourth Floor
P.O. Box 2098
Camden, New Jersey 08101

**ACKERMAN, Senior District Judge:**

      This matter comes before the Court on a motion by Defendant Jonathan C. Miner ("Respondent") to dismiss Luis Pina's ("Petitioner") petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 on the grounds that this Court lacks subject matter jurisdiction over the instant petition and that the petition fails to state a claim upon which relief can be granted. For the following reasons, Respondent's motion to dismiss is GRANTED.

**I.     BACKGROUND**

On June 23, 2003, Petitioner pled guilty before this Court to a single-count information charging conspiracy to steal credit cards using a skimming device, in violation of 18 U.S.C. § 1029(b)(2).  This Court, on November 30, 2004, sentenced Petitioner to 12 months of incarceration followed by three years of supervised release.  Petitioner began serving his sentence on January 3, 2005 at the Federal Prison Camp at Fairton, New Jersey.

On March 28, 2005, Petitioner filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 and for writ of mandamus pursuant to 28 U.S.C. § 1361.  Petitioner contends that pursuant to longstanding Bureau of Prisons ("BOP") policy, he is eligible to serve the final six months of his sentence in a community correctional center ("CCC") at a halfway house, and therefore should have been designated to a CCC on July 4, 2005.  Petitioner notes, however, that in December 2002, the BOP implemented a policy of not permitting CCC placements until the last ten percent of the inmate's sentence.  Consequently, Petitioner contends that Respondent has denied him placement in a CCC until November 26, 2005, and that the so-called ten-percent rule is unlawful.

On July 21, 2005, Respondent, through the auspices of the U.S. Attorneys Office, filed the instant motion to dismiss.  In a thorough and illuminating memorandum of law, Respondent notes that the two December 2002 memoranda which gave rise to the contested policy—a memorandum by the Attorney General's Office of Legal Counsel and a memorandum by the Director of the BOP to the BOP's Chief Executive Officers (the "December 2002 Memoranda")—are no longer in effect and were not applied to Respondent.  Respondent notes that since February 14, 2005, regulations found at 28 C.F.R. §§ 570.20 and 570.21 have governed the placement of inmates in CCCs, and that these regulations were applied to Petitioner himself.

2

Accordingly, as Petitioner challenges only the December 2002 Memoranda, Respondent characterizes the petition as "moot" and seeks dismissal without prejudice pursuant to Federal Rule of Civil Procedure 12(b)(1) and (6).

## II.     ANALYSIS

It is settled that the Federal Rules of Civil Procedure apply to habeas corpus proceedings. Fed. R. Civ. P. 81(a)(2); *Browder v. Director, Dept. of Corr.*, 434 U.S. 257, 269 (1987). Their applicability is limited, however, by the terms of the habeas corpus statute, which take precedence over the Federal Rules. *Browder*, 434 U.S. at 269 n.14. Under 28 U.S.C. § 2241, which permits an inmate to challenge the manner by which his or her sentence is executed, the Respondent may seek dismissal for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). *See Aguilera v. Kirkpatrick*, 241 F.3d 1286, 1290 (10th Cir. 2001) ("[W]e hold that, although the district court had subject matter jurisdiction over the petitioners' claims under 28 U.S.C. § 2241, it should have dismissed for failure to state a claim under Rule 12(b)(6).").

Federal Rule of Civil Procedure 12(b)(6) permits a court to dismiss a pleading, or a count therein, for failure to state a claim upon which relief may be granted. In evaluating a motion to dismiss pursuant to Rule 12(b)(6), the court "must accept as true all well-pleaded allegations of the complaint[] and construe them liberally in the light most favorable to the plaintiffs." *Labov v. Lalley*, 809 F.2d 220, 221 (3d Cir. 1987). "Dismissal under Rule 12(b)(6) is inappropriate 'unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Gordon v. Wawa, Inc.*, 388 F.3d 78, 80-81 (3d Cir. 2004) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). In other words, a motion to dismiss pursuant to Rule 12(b)(6) may be granted when the defendant demonstrates that there is no legal

3

remedy to the alleged wrong.

Courts will view pleadings filed by pro se litigants with a degree of lenity not normally afforded to attorneys. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). When confronted, however, with a habeas petition which on its face fails state a claim that would entitle the petitioner to relief, a district court should grant dismissal. *Einstman v. Fed. Bureau of Prisons*, Civ. A. No. 05-3546, 2005 U.S. Dist. LEXIS 18367, at *3 (D.N.J. Aug. 23, 2005) (citing *Lonchar v. Thomas*, 517 U.S. 314, 320 (1996)).

The instant petition is grounded solely on Petitioner's contention that the policy set forth in the December 2002 Memoranda is erroneous and, indeed, unlawful. As Respondent's motion to dismiss amply demonstrates, however, the policy contained in the December 2002 Memoranda was not applied in determining Petitioner's eligibility for placement in a CCC. Under the BOP's Program Statement [PS] 7310.04 § 8.c, a Unit Team assigned to an inmate is charged with preparing a "specific release preparation plan, including a decision as to CCC referral," within approximately 11 to 13 months before the inmate's projected release date. Consistent with this directive, on April 5, 2005, Petitioner's Unit Team made a preliminary determination to place Petitioner in a CCC for 21 to 36 days. The Unit Team made its formal recommendation to the Community Corrections Manager on April 19, 2005, who subsequently assigned Petitioner a new release date of November 29, 2005.

On February 14, 2005, new BOP regulations concerning the placement of inmates in CCCs took effect. *See* Community Confinement, 28 C.F.R. §§ 570.20 and 570.21 (2005). These regulations superceded the BOP's former practice, as expressed in the December 2002 Memoranda. *See Florez v. Fed. Bureau of Prisons*, Civil A. No. 05-0667, 2005 U.S. Dist. LEXIS 18364, at *3 (D.N.J. Aug. 23, 2005) (stating that the December 2002 policy is "invalid"

4

and holding that this policy does not govern pre-release planning for an inmate who was in confinement on February 14, 2005, the date on which the new regulations took effect). Thomas A. Jones, the Executive Assistant/Camp Administrator for the Federal Correctional Institution in Fairton, New Jersey, has attested to having been involved in the decision to recommend 21 to 36 days of CCC placement for Petitioner. (Decl. of Thomas A. Jones ¶ 4.) Jones has further declared that this decision was based on the regulations that took effect on February 14, 2005, and that "[a]ll other decisions pertaining to this recommendation were made in compliance with BOP Program Statement 7310.04, *Community Corrections Center Utilization and Transfer*." (*Id.* ¶ 5.) As Petitioner challenges only the policy expressed in the December 2002 Memoranda, he fails to challenge the regulations which guided his Unit Team's recommendation of 21 to 36 days' CCC placement. *Galati v. Fed. Bureau of Prisons*, No. Civ. A. 05-3241, 2005 U.S. Dist. LEXIS 19564, at *13 (D.N.J. Aug. 31, 2005) ("The promulgation of 28 [C.F.R.] §§ 570.20 and 570.21 has mooted Petitioner's challenge to the December 2002 policy.").

Numerous courts of this District have dismissed similar challenges to the December 2002 Memoranda for failure to state a claim. *See, e.g.*, *Galati*, 2005 U.S. Dist. LEXIS 19564, at *13; *Florez*, 2005 U.S. Dist. LEXIS 18364, at *3; *Einstman*, 2005 U.S. Dist. LEXIS 18367, at *13-14; *Palmer v. Fed. Bureau of Prisons*, Civ. A. No. 04-5895, 2005 U.S. Dist. LEXIS 18147, at *3 (D.N.J. Aug. 22, 2005); *Cheston v. Nash*, Civ. A. No. 04-5509, 2005 U.S. Dist. LEXIS 18113, at *4 (D.N.J. Aug. 17, 2005); *Berretta v. Fed. Bureau of Prisons*, Civ. A. No. 04-5143, 2005 U.S. Dist. LEXIS 17036, at *4 (D.N.J. Aug. 9, 2005); *Defrancesco v. Fed. Bureau of Prisons*, Civ. A. No. 05-1780, 2005 U.S. Dist. LEXIS 14967, at *25 (D.N.J. July 20, 2005). These cases persuade this Court to conclude that Petitioner's challenge to the policy expressed in the December 2002 Memoranda affords no basis for the relief he seeks. Accordingly, the petition fails to state a

claim upon which relief can be granted.  In so holding, the Court expresses no opinion on the validity of the new regulations at 28 C.F.R. §§ 570.20 and 570.21.

### III. CONCLUSION

For the foregoing reasons, Respondent's motion to dismiss is hereby GRANTED, and Petitioner's petition for writ of habeas corpus under 28 U.S.C. § 2241 is DISMISSED without prejudice.

Newark, New Jersey                                                    s/ Harold A. Ackerman, U.S.D.J.
Dated: September 19, 2005